**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 16, 2013

LETTER TO COUNSEL

RE:   *Daniel Clarence Carre v. Michael J. Astrue, Commissioner of Social Security*;
Civil No. SAG-11-2791

Dear Counsel:

On September 28, 2011, claimant Daniel Clarence Carre petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income.[1] (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Carre's reply. (ECF Nos. 20, 22, 25). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

Mr. Carre filed his claim for benefits on December 16, 2008, alleging disability beginning on February 1, 1994. (Tr. 117-21). His claim was denied initially on April 16, 2009, and on reconsideration on June 17, 2009. (Tr. 55-62, 67-70). After a hearing on January 25, 2010, (Tr. 30-48), an Administrative Law Judge ("the ALJ") issued an opinion denying benefits based on a determination that Mr. Carre was not disabled. (Tr. 15-29). The Appeals Council denied Mr. Carre's request for review, (Tr. 5-8), so the ALJ's opinion is the final, reviewable decision of the agency.

The ALJ found that Mr. Carre suffered from the severe impairments of HIV with wasting syndrome, hepatitis C, chronic obstructive pulmonary disease, and depression. (Tr. 20). Despite these impairments, the ALJ found that Mr. Carre had retained the residual functional capacity ("RFC") to

> perform medium work as defined in 20 CFR 416.967(c) except due to his psychiatric impairment he is limited to simple, unskilled work with limited contact with the general public.

---

[1] Mr. Carre originally applied also for Disability Insurance Benefits, but withdrew that claim at his hearing. (Tr. 33).

*Daniel Carre v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-11-2791
January 16, 2013
Page 2

(Tr. 22). The ALJ did not hear testimony from a vocational expert ("VE"), but instead concluded that a finding of "not disabled" was directed by Medical-Vocational Rules 203.28 and 203.21. (Tr. 25-26).

Mr. Carre makes several arguments in support of his appeal. I agree that the ALJ's reliance on the Medical-Vocational Rules, without further explanation, did not provide sufficient information for me to determine whether his conclusion was premised on substantial evidence. Remand is therefore warranted.

Mr. Carre's RFC provided that he could perform medium, unskilled work "with limited contact with the general public." (Tr. 22). The ALJ cited Social Security Rulings (SSRs) 83-14 and 85-15 for the proposition that "the additional limitations have little or no effect on the occupational base of unskilled medium work." (Tr. 26). However, those SSRs do not establish that the limitation of "limited contact with the general public" has little or no effect on the occupational base of unskilled medium work. In fact, SSR 83-14 suggests that "dealing frequently with members of the public" might preclude "relatively broad" types of work "at any level of complexity." SSR 83-14, 1983 WL 31254, at *2. According to SSR 85-15, unskilled work requires "the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, co-workers and usual work situations; and to deal with changes in a routine work setting." SSR 85-15, 1985 WL 56857 at *4. SSR 85-15 uses a "server" as an example of an unskilled job "almost constantly dealing with the public." *Id.* at *5. Without further explanation, or testimony from a vocational expert, I cannot find substantial evidence to support the ALJ's conclusory statement that the limitation of "limited contact with the general public" would not significantly erode the occupational base. As a result, remand is appropriate.

I further note that Mr. Carre raises other issues with the ALJ's analysis. For example, the ALJ made a Step Two finding that Mr. Carre suffered from the severe impairments of "HIV with wasting syndrome, hepatitis C, chronic obstructive pulmonary disease and depression," (Tr. 20), but later found that "[t]he medical records do not establish that Mr. Carre has hepatitis C, chronic obstructive pulmonary disease, or wasting syndrome." (Tr. 24). The ALJ did not explain the discrepancy. Although I need not address each of the remaining issues Mr. Carre has raised on appeal, because the case will be remanded for further proceedings, on remand the ALJ should carefully review the evidence in accordance with the applicable legal standards. In so holding, I express no opinion on whether the ALJ's ultimate conclusion that Mr. Carre was not entitled to benefits was correct or incorrect.

For the reasons set forth herein, Mr. Carre's motion for summary judgment (ECF No. 20) and Defendant's motion for summary judgment (ECF No. 22) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

*Daniel Carre v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-11-2791
January 16, 2013
Page 3

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                            Sincerely yours,

                                                /s/

                                            Stephanie A. Gallagher
                                            United States Magistrate Judge